Gourdier *v.* Cormack.

## HENRY GOURDIER *v.* JOHN and GEORGE CORMACK.

Where, in blasting rocks on his own lots, an owner threw stones upon an adjoining lot, occupied by a person as tenant, and so extended his blast as to forcibly split out the rock in the lot of such person, undermining the foundations of his house and rendering it insecure; *held,* that he was liable in damages to the tenant of such adjoining lot.

The liability attaches, whether the injuries are committed negligently, or in the use of all reasonable care.

The tenant, in such case, recovers for the injury to his *possession,* not for an injury to the freehold; and he is entitled to whatever damages he sustains by the interference with his possession.

Evidence, on the question of the measure of damages, to the effect that one of the conditions of the tenant's estate in the premises required him to execute the ordinary repairs made necessary by use, would be irrelevant; but proof, that by such condition he was bound to make repairs rendered necessary by causes such as the defendant's acts, would, *it seems,* be competent.

*It seems,* that an owner may not be liable for the consequences of mere excavation on his own lot, prudently conducted, although the earth and walls of adjacent premises slide in for the want of protection.

Where the owners of a lot gave written notice, in their own name, of their intention to blast rock on such lot; *held,* in an action against them for injuries caused by the blasting, that the notice was *prima facie* evidence that they were themselves the actors in the work, and was sufficient to render them liable for damages caused by their agents in executing the same, unless the contract between the agents and owners was proved to be such as would relieve the latter from responsibility. (*a*)

THIS action was brought by the tenant of a house and lot, against the owners of adjoining premises, for injuries to the plaintiff's possession, by the blasting of rocks.

Before the work was commenced, the defendants gave to the plaintiff a written notice, of which the following is a copy:

"We, being about to take the rock off our lots, do hereby

---

(*a*) See the case, same title, *post.* p 254, post.

notify you, or whomsoever it may concern, to take care of your property," &c., " without further notice.

"New York, October 18, 1852.

"Yours, respectfully,

"JOHN & GEO. CORMACK."

The cause was tried in the First District Court. The nature of the injuries for which compensation was sought, and other material facts proved on the trial, so far as they were disclosed in the return, are stated in the opinion which follows.

The defendants recovered judgment below. The plaintiff appealed to this court.

*C. W. Vanvoorhis*, for the plaintiff.

*Anthony R. Dyett*, for the defendants.

BY THE COURT. WOODRUFF, J.—It is difficult to learn from the return in this case, upon what view of the law, applicable to the subject, or upon what finding of facts, the court below rested the judgment.

The action was brought by a tenant of a house and lot, for an injury to his possession by the blasting of rocks, on the adjoining lot, by which pieces of rock were thrown upon the plaintiff's premises, the blasts extending underneath and forcing out the rock some three or four feet in the lot of the plaintiff, below the foundation of the house. The walls of the house were cracked, and. the windows and skylight broken, and the house was thereby rendered so insecure that the members of the plaintiff's family, or some of them, were compelled to leave their apartments for safety.

The notice given by the defendants to the plaintiff, which they have produced in evidence, justifies the presumption, in the absence of any evidence to the contrary, that the blasting was done by them. Indeed, although Brady is said to have been the defendants' contractor, it is not proved nor insisted

that there was any such contract between the defendants and him as would relieve them from responsibility.

Under these circumstances, I have no doubt of the plaintiff's right to recover.

A tenant may have an action for an injury to his possession. The same wrongful act which injures the freehold, and for which the reversioner may, under our statute, have an action, is often, nay, in general, an injury to the possession also, and for the latter the tenant has an action.

Stones cannot be thrown upon the lot without interfering with the possession. Blasting which splits out rocks three or four feet under the foundation, so as to render the occupation of the house unsafe, is a clear injury to the possession. Breaking out the windows is not less so, and at all events when done by direct violence.

So far as by such acts the plaintiff was deprived of the use of his house, he was entitled to the value of such use during the interruption; and so far as he was put to expense in removing stones thrown upon the house or lot, or in repairing damages thus occasioned, he was entitled to indemnity.

However true it may be, that the defendants had a right to dig on their own lot, and, perhaps, within the opinion of Chief Justice Bronson, in *Radcliff's Ex.* v. *Mayor, &c., of Brooklyn*, 4 Comst. 198, they may not be liable for the consequence of mere excavation, prudently conducted, although the adjacent earth and walls slide in for the want of protection, this will not warrant an actual and violent blasting out of the rocks in the *plaintiff's lot.* And that case, as well as *Hay* v. *The Cohoes Co.*, 2 Comst. 162, shows that for injuries such as these the defendants are liable, whether their conduct be negligent or not.

Although it would seem, from one part of the return, that the evidence of the plaintiff, offered to show "the amount of damage done to the house itself," was excluded, yet such evidence was immediately afterwards received, and, I think, very properly. There was no way of showing the full extent of the plaintiff's injury, without showing the extent to which

his possession was interfered with. If, however, the exclusion was merely, as I am led to suppose, of the evidence offered to show that the plaintiff was bound to make all necessary repairs, the exception was, I think, in one aspect of the offer, well taken, and yet the offer is so loose and general that I would hardly reverse upon that ground alone.

If it were proved to be one of the conditions of the plaintiff's estate in the premises, that he should make all repairs rendered necessary by causes such as the defendants' acts in the matter in question, the evidence would, I think, be clearly admissible. If it were only proved that the plaintiff was bound to make the ordinary repairs rendered necessary by use, the evidence would as clearly be irrelevant and incompetent. .

The remaining ground of appeal is, that the court below erred in receiving in evidence the notice given by the defendants to the plaintiff before they commenced their work. Two observations are sufficient to dispose of this question :

*First.* The evidence was not objected to on the trial, and cannot, therefore, be raised on the appeal.

*Second.* The notice, when given in evidence by the defendants, formed an important part of the plaintiff's case, by showing that the defendants were themselves actors in the matter complained of by him.

The judgment must be reversed.